UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA ARRILLAGA,

          Plaintiff,

    v.

CITY OF FREMONT,

          Defendant.

Case No. 17-cv-06366-JSC

**ORDER RE: MOTION FOR CALCULATION OF DAMAGES**

Re: Dkt. No. 29

      Plaintiff Donna Arrillaga sued Defendant City of Fremont ("Defendant" or "City") for injunctive relief and damages arising from alleged violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. ("Section 504"); and California's Disabled Persons Act, California Civil Code § 54 ("CDPA").[1]  (Dkt. No. 1.)[2]  On August 30, 2018, the Court granted the parties' consent decree settling Plaintiff's claims for injunctive relief, (*see* Dkt. No. 23), and the parties' stipulation requesting that the Court act as finder of fact on the question of the amount of damages due under California Civil Code § 54.3, (Dkt. No. 24).  Now pending before the Court is Plaintiff's motion for calculation of statutory damages in the amount of $45,000.  (Dkt. No. 29.) After careful consideration of the parties' briefing, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the December 13, 2018 hearing, and GRANTS in part and DENIES in part Plaintiff's motion.

//

//

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 7 & 11.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**BACKGROUND**

## I.     Factual Background

The following facts are undisputed.  Plaintiff is disabled and requires "a walker and a scooter for mobility" because she is "unable to stand or walk independently." (Dkt. No. 29-1 at ¶ 4.)  On 45 separate occasions over a six-month period between November 2016 and May 2017, Plaintiff personally encountered structural barriers[3] to on-street and off-street public parking in the historic Niles district of the City.  (*Id.* at ¶ 5-6, 11.)  Plaintiff encountered these barriers on a twice-weekly basis when attending "knitting and painting groups and when volunteering at the Art Gallery in [her] capacity as a member of the Fremont Arts Association." (*Id.* at ¶ 6.)  The barriers caused Plaintiff "difficulty, discomfort, and embarrassment." (*Id.* at ¶ 7.)

On May 3, 2017, Plaintiff notified the City in writing of the barriers she experienced and the difficulties they caused, (*id.* at ¶ 9), and she filed a government claim with the City seeking damages "pursuant to § 910 et seq. of the California Government Code," (Dkt. No. 1 at ¶ 33). Plaintiff's May 2017 government claim constituted the City's first notice of the parking issue in the Niles district.  (Dkt. No. 31-1 at ¶ 8.)

## II.    Procedural History

Plaintiff sued the City on November 1, 2017, bringing causes of action under Title II of the ADA, Section 504, and the CDPA.  (Dkt. No. 1.)  As previously discussed, the parties resolved Plaintiff's claims for injunctive relief,[4] (*see* Dkt. No. 23), and stipulated to both Defendant's liability and Plaintiff's entitlement to statutory damages under the CDPA, (*see* Dkt. No. 20 at ¶¶ 3-4 ).  The parties further stipulated to have the Court determine the specific amount of statutory damages to which Plaintiff is entitled.

Plaintiff filed her motion for calculation of damages on November 1, 2018.  (Dkt. No. 29.) The motion is fully briefed, (*see* Dkt. Nos. 31 & 32), and the Court heard oral argument on

---

[3] The barriers included a lack of "designated on-street parking" and "[i]ncorrectly configured designated accessible parking spaces." (Dkt. No. 29-1 at ¶ 5.)

[4] Pursuant to the parties' consent decree, "the City's Public Works department has conducted a field visit and survey of the site, has designed the required ramps, parking stalls, curb cuts, and pathways, has solicited comment from the Niles Street Association and the Niles Merchants association, and has begun construction on the parking stalls." (Dkt. No. 31-1 at ¶ 9.)

December 13, 2018.

**DISCUSSION**

Plaintiff seeks statutory damages under the CDPA in the amount of $45,000.  Defendant

counters that "[a] reasonable damages award is $4,000 because [Plaintiff] had an obligation to

mitigate her damages" under California Civil Code § 55.56.  (Dkt. No. 31 at 2.)  The Court does

not agree that section 55.56's mitigation provisions apply to claims against public entities.

However, the Court concludes that Plaintiff is not entitled to statutory damages in the amount of

$1,000 for each distinct *occasion* in which she encountered the barriers at issue, but is instead

entitled to statutory damages for each distinct *barrier to access* personally encountered.

I.     **The CDPA Generally**

The CDPA "generally guarantees people with disabilities equal rights of access to public

places, buildings, facilities and services, as well as common carriers, housing and places of public

accommodation." *Jankey v. Lee*, 55 Cal. 4th 1038, 1044-45 (2012) (internal quotation marks and

citation omitted).  The statute provides, in pertinent part:

> (a) Individuals with disabilities or medical conditions have the same
> right as the general public to the full and free use of the streets,
> highways, sidewalks, walkways, public buildings, medical facilities,
> including hospitals, clinics, and physicians' offices, public facilities,
> and other public places.

Cal. Civ. Code § 54(a).  The CDPA provides for monetary damages under Section 54.3, which

states, in part:

> Any person or persons, firm or corporation who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 **is liable
> for each offense** for the actual damages and any amount as may be
> determined by a jury, or the court sitting without a jury, ***up to a
> maximum of three times the amount of actual damages but in no
> case less than one thousand dollars ($1,000),*** and attorney's fees as
> may be determined by the court in addition thereto, suffered by any
> person denied any of the rights provided in Sections 54, 54.1,
> and 54.2.

Cal. Civ. Code § 54.3 (emphasis added).  The parties do not dispute that the City is liable to

United States District Court
Northern District of California

Plaintiff for damages under section 54.3 of the CDPA.[5]  (*See* Dkt. No. 20 at ¶ 3 (noting that "[t]he parties agree that the City is liable for, and Plaintiff entitled to damages under Cal. Civ. Code § 54.3").)  The parties dispute, however, whether Plaintiff had a duty to mitigate her damages pursuant to California Civil Code section 55.56, which applies to certain claims brought under the CDPA.

## II.    Mitigation Provisions Under California Civil Code 55.56

Plaintiff argues that she had no duty to mitigate her damages because section 55.56—by its terms—does not apply to claims against public entities.  Defendant counters that the mitigation provisions of section 55.56 apply to all claims under the CDPA and therefore must be considered when determining damages under that statute.  The plain language of Section 55.56 and its companion sections does not support Defendant's interpretation.

In 2009, the California Legislature enacted the Construction-Related Accessibility Standards Compliance Act ("CRASCA" or "the Act"), of which the mitigation provisions under section 55.56 are part.  Cal. Civ. Code § 55.51.  The Act states, in part:

> Notwithstanding any other provision of law, the provisions of this part shall apply to any construction-related accessibility claim, as defined in this part, including, but not limited to, any claim brought under Section 51, 54, 54.1, or 55.

*Id.*  The Act defines "construction-related accessibility claim" as "any civil claim in a civil action with respect to a *place of public accommodation*, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55."  Cal. Civ. Code 55.52(a)(1) (emphasis added).  The Act defines "place of public accommodation" as having "the same meaning as 'public accommodation' as set forth in Section 12181(7) of Title 42 of the United States Code [Title III of the ADA] and the federal regulations adopted pursuant to that section."  Cal. Civ. Code 55.52(7).  Title III of the ADA defines "public accommodation[s]" as certain "private entities" whose "operations . . . affect

---

[5] Defendant's opposition discusses case law in this circuit regarding the CDPA's application to public entities, noting that "[r]ecent unpublished cases have questioned whether the CDPA applies to public entities at all."  (*See* Dkt. No. 31 at 3-4.)  Defendant goes on to note, however, that "[p]er the stipulation in place in this case[,] . . . the parties have agreed that the CDPA applies to the City for purposes of this case."  (*Id.* at 4.)  Thus, this Order focuses only on the amount of damages available under § 54.3.

commerce." 42 U.S.C. § 12181(7); *see also* 42 U.S.C. § 12182(a) (prohibiting discrimination on the basis of disability by *private* entities that operate places of public accommodation) (emphasis added); 28 C.F.R. § 36.104 ("Place of public accommodation means a facility operated by a private entity whose operations affect commerce."). The Act is thus clear that it applies only to claims involving facilities operated by private entities (i.e., "public accommodations").

Section 55.56 of the Act likewise applies only to places of public accommodation. The section states, in pertinent part:

> (a) Statutory damages under either subdivision (a) of Section 52 or subdivision (a) of Section 54.3 may be recovered in a *construction-related accessibility claim against a place of public accommodation* only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the *place of public accommodation* on a particular occasion.

Cal. Civ. Code 55.56(a) (emphasis added). It follows that the mitigation provisions found under sections 55.56(h)-(i) apply only to public accommodation claims, as well.[6]

Here, there is no dispute that Defendant is a public, not a private entity. There is likewise no dispute that public entities are covered by Title II of the ADA, and not by Title III. *See Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 985 (9th Cir. 2014) ("Title II regulates state and local governments operating public services or programs."); *see also Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002) (noting that "anything a public entity does" is covered under the scope of Title II) (internal quotation marks and citation omitted). Because the Act applies only to claims involving public accommodations (i.e., facilities operated by *private entities*), it follows that the mitigation provisions under the Act do not apply to the instant claim against Defendant.

Defendant's reliance on *Beauchamp v. City of Long Beach*, 730 F.3d 986 (9th Cir. 2013) is unavailing. In *Beauchamp*, as here, the plaintiff sued a municipality under the CDPA alleging that

---

[6] As applicable here, where a plaintiff alleges that she "personally encountered [a] violation on a particular occasion," the relevant mitigation provision states that "[t]his section does not alter the applicable law for the awarding of injunctive or other equitable relief for a violation or violations of one or more construction-related accessibility standards, nor alter any legal obligation of a party to mitigate damages." Cal. Civ. Code § 55.56(h).

5

certain barriers he "encountered on the City's streets and sidewalks denied him full and equal access to such public facilities." *Id.* at 988. The district court found that the plaintiff "had encountered barriers that denied him access on 440 distinct occasions," but awarded the plaintiff $17,000 in statutory damages based on the *number of barriers* he encountered, not the *number of occasions* he encountered them. *Id.* The plaintiff appealed, and the Ninth Circuit certified a question to the California Supreme Court seeking its "determination as to the proper construction of 'offense' for purposes of section 54.3, and specifically, whether multiple incidents of denials of access due to encounters with the same barrier can constitute a single 'offense.'" *Id.* at 989.

In explaining its request, the *Beauchamp* court recognized in dicta that "section 54.3 must be interpreted in light of section 55.56 of the California Civil Code, which limited the damages available under section 54.3 *for certain types of claims*." 730 F.3d at 989-90 (emphasis added). The *Beauchamp* court did not hold that section 55.56's mitigation provisions applied to CDPA claims against public entities, but instead, looked to section 55.56 for guidance on the following question, which it certified to the California Supreme Court:

> Section 54.3(a) of the California Civil Code provides that a person who violates the California Disabled Persons Act (CDPA), Cal. Civ.Code §§ 54, 54.1, is liable for actual damages for "each offense . . . but in no case less than one thousand dollars ($1,000)." Does the phrase "each offense" refer to each occasion when a plaintiff encounters a barrier that denies the plaintiff full and equal access to a public facility, or should a trial court construe "each offense" more narrowly, particularly in situations where a plaintiff repeatedly encounters the same barrier? If the phrase "each offense" is not susceptible to a narrower construction, under what circumstances would the penalty scheme in section 54.3 violate the due process clause of the state constitution?

*Beauchamp*, 730 F.3d at 987-88. The parties ultimately settled before the California Supreme Court could answer that question. *See* 752 F.3d 852 (9th Cir. 2014) ("The parties have indicated that they reached a settlement following the California Supreme Court's acceptance of the certified question."). Because the *Beauchamp* court did not specifically address whether the mitigation provisions under section 55.56 apply to CDPA claims against public entities, the court's analysis in *Beauchamp* does not support Defendant's argument. Further, the plain terms of CRASCA suggest that section 55.56 does not apply to claims against public entities. Defendant's

argument that Plaintiff's 45 separate visits to the Niles district constitute impermissible "stacking" of damages is similarly unavailing, because it relies on section 55.56's mitigation provisions and cites cases involving private, not public entities.  (*See* Dkt. No. 31 at 6-7.)

Accordingly, the Court concludes that Plaintiff was under no duty to mitigate her damages under the CDPA because claims against public entities are not covered under section 55.56.

## III.    Amount of Damages

Plaintiff seeks $45,000 in statutory damages under section 54.3—$1,000 for each distinct occasion in which she encountered the barriers at issue.  Defendant "does not dispute the factual account provided in Plaintiff's Declaration that she visited the Niles parking facilities 45 times in a six-month span representing visits [that] averaged twice per week."  (Dkt. No. 31 at 2.)  All of the encounters occurred before Plaintiff notified the City of the barriers.  (Dkt. No. 29-1 at ¶ 11.)  Thus, the issue before the Court is the same question the *Beauchamp* court certified to the California Supreme Court; specifically, can a plaintiff recover statutory damages under section 54.3 for each occasion in which she personally encountered the barrier in question, or should the Court "construe 'each offense' more narrowly, particularly in situations where a plaintiff repeatedly encounters the same barrier?"  *See Beauchamp*, 730 F.3d at 987-88.

Although the *Beauchamp* court did not answer that question, the analysis the court provided in explaining its request is helpful.  The court noted, in pertinent part:

> In sum, we read California cases to suggest that where a statute allows for the imposition of ever-mounting penalties, a trial court should first consider whether the statute is susceptible to a narrowing construction in a particular case.  *Cf. People v. Toomey*, 157 Cal. App. 3d 1, 22, 203 Cal. Rptr. 642 (1984) (explaining that where a statute "fails to specify what constitutes a single violation," the courts should "determine appropriate penalties on a case-by-case basis").  Furthermore, if a statute is not susceptible to a narrowing construction, it appears the trial court should consider whether the application of the penalty provision is constitutionally excessive as applied under the due process clause of the state and federal constitutions.  *Hale* [*v. Morgan*, 22 Cal. 3d 388 (1978)].

*Id.* at 991.  Further, the court noted:

> Because section 54.3 does not directly define "each offense," it may be susceptible to a narrowing construction. A trial court would not be compelled to construe that phrase to mean each separate encounter

with a barrier, particularly where a California court has stated that
"[n]ot every denial of 'full and equal access' under section 54.1 . . .
gives rise to a cause of action for damages under section
54.3." *Urhausen v. Longs Drug Stores Cal., Inc.,* 155 Cal. App. 4th
254, 265, 65 Cal. Rptr. 3d 838 (2007). Given that section
54.3 imposes mandatory, ever-mounting penalties, the cases
reviewed above suggest that California courts may have the discretion
to construe section 54.3 narrowly in an appropriate case. For instance,
a trial court could plausibly define "each offense" to mean each
barrier personally encountered by the plaintiff, rather than each
occasion when the plaintiff encountered that barrier. *Cf. Jayhill
Corp.,* 9 Cal. 3d at 289, 107 Cal. Rptr. 192, 507 P.2d 1400.

Given that the mitigation provisions under section 55.56 do *not* apply to claims against a

public entity, a plaintiff could conceivably visit the non-CDPA compliant public facilities of a

municipality multiple times in a single day for a period of several months, encountering the same

barriers to access and racking up "mandatory, ever-mounting penalties," before bringing such

barriers to the municipality's attention. Such a result could not have been the reasonable intent of

the California Legislature. Thus, the Court finds that section 54.3 is susceptible to a narrowing

construction *when applied to public entities* and will construe "each offense" under section 54.3 to

mean each barrier personally encountered by Plaintiff. Because Plaintiff did not encounter any

barriers *after* she notified the City of the problems, the Court need not and does not decide

whether any barriers encountered after notifying a public entity of the barriers could constitute a

separate offense.

Accordingly, the Court concludes that Plaintiff is entitled to the following damages under

section 54.3:

    (1)    $1,000 for the lack of accessible on-street parking adjacent to
the Niles Art Gallery

    (2)    $1,000 for the "excessive slopes and cross slopes in the space
and access aisle" near the "two designated accessible parking
spaces in the public parking lot on the left side of the Niles
Town Plaza"

    (3)    $1,000 for the "unregulated and non-signalized cross walk"

    (4)    $1,000 for the inaccessible sidewalk near the on-street stall
parking in front of the Gallery

(*See* Dkt. No. 29-1 at ¶¶ 13-14.)

## CONCLUSION

For the reasons set forth above, Plaintiff is entitled to $4,000 in statutory damages under

section 54.3.  The Court sets a further case management conference for January 31, 2019 at 1:30

p.m., in the event the parties do not reach an agreement regarding Plaintiff's attorneys' fees and

costs or do not stipulate to a briefing schedule for same.

**IT IS SO ORDERED.**

Dated: December 12, 2018

_Jacqueline Scott Corley_

JACQUELINE SCOTT CORLEY
United States Magistrate Judge